NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 21 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re:  MAURICE ALLEN GILBERT,<br><br>Debtor.<br>_____<br><br>MAURICE ALLEN GILBERT,<br><br>Appellant,<br><br>v.<br><br>ROD DANIELSON, Chapter 13 Trustee,<br><br>Appellee. | No. 16-55253<br><br>D.C. No. 5:15-cv-01675-DOC<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Submitted December 14, 2016[**]

Before:     WALLACE, LEAVY, and FISHER, Circuit Judges.

Maurice Allen Gilbert appeals pro se from the district court's order

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

affirming the bankruptcy court's order dismissing his chapter 13 bankruptcy petition. We have jurisdiction under 28 U.S.C. §§ 158(d), 1291. We review de novo the district court's decision on appeal from the bankruptcy court and apply the same standard of review applied by the district court. *In re AFI Holding, Inc.*, 525 F.3d 700, 702 (9th Cir. 2008). We affirm.

The bankruptcy court did not abuse its discretion in dismissing Gilbert's chapter 13 petition because Gilbert failed to commence making payments under his chapter 13 plan. *See* 11 U.S.C. § 1326(a)(1) ("[D]ebtor shall commence making payments not later than 30 days after the date of the filing of the plan . . . ."); *id.* § 1307(c)(4) (a bankruptcy court may dismiss a case for "failure to commence making timely payments under section 1326."); *see also Leavitt v. Soto (In re Leavitt)*, 171 F.3d 1219, 1222-23 (9th Cir. 1999) (stating standard of review).

Contrary to Gilbert's contention, the bankruptcy court properly exercised jurisdiction over proceedings related to Gilbert's chapter 13 petition prior to this court issuing its mandate in appeal No. 15-55260. *See Sherman v. SEC (In re Sherman)*, 491 F.3d 948, 967 (9th Cir. 2007) (a notice of appeal typically divests a bankruptcy court of jurisdiction over aspects of the case involved in the appeal but the bankruptcy court retains jurisdiction to implement or enforce the order and may

2

exercise jurisdiction over related proceedings).

We reject as without merit Wade's contentions that the bankruptcy court violated due process.

Gilbert's motion to take judicial notice, filed June 28, 2016, is denied as moot.

**AFFIRMED.**